IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY JANE Y. SACHS,

        Plaintiff,

v.                                                                         CIV 00-573 JC/KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on Plaintiff's Motion For An Order To Show Cause Or Clarification. *Doc. 11*. I have considered the motion, brief in support and brief in opposition. No reply brief was filed. After reviewing these memoranda and relevant authorities, I must recommend to the presiding judge that the motion be denied.

      Plaintiff first applied for benefits for a period starting in 1996. When her application was denied, she filed this action seeking review of that decision. While this appeal was pending, she prevailed on a subsequent application for benefits and was found disabled as of December 1, 1999. Plaintiff, of course, did not challenge that decision awarding benefits as of that date.

      In light of her success on the second application, the parties agreed to remand this action to the Commissioner to further develop the record and issue a new decision but only as to the period of September 26, 1996 to November 30, 1999. For that period, the ALJ is directed to update medical records, consider certain earnings and work activities, and pose a new hypothetical to the vocational expert. *Doc. 8.*

On remand, however, the ALJ indicated that he would broaden the scope of the hearing and request current medical information to determine if Plaintiff is now disabled and continues to be eligible for benefits. In response, the hearing was postponed and Plaintiff filed the instant motion. She asks the Court to require the agency to show cause why it should not be held in contempt for failing to comply with the scope of the Court's remand order. Alternatively, Plaintiff asks the Court to amend the prior remand order to prohibit the ALJ from reconsidering whether Plaintiff is presently disabled on the grounds that the "issue is not properly before the Administration" on the remand, *Doc. 11* at 2, and because the "ALJ has absolutely no authority to re-open" the December 1, 1999 determination, *Doc. 12* at 2.

Defendant maintains that this Court lacks jurisdiction to entertain the motion because it is premature – no hearing has been held, no adverse decision has been issued and there is no certainty that an adverse decision will be issued. Defendant further argues that under 20 C.F.R. §§ 404.983 and 414.1483, the ALJ can consider issues on remand that were not raised in prior administrative proceedings. *Doc. 13*.

At least one district in the Tenth Circuit has applied the law of the case in determining whether a social security ALJ exceeded the scope of a remand order. *See Williams v. Apfel,* 65 F. Supp. 2d 1223 (N.D. Okla. 1999). That decision observes that under the "law of the case" doctrine, issues left open on remand can be decided. *Id. at* 1229. However, in *Williams*, the issue of exceeding the scope was not raised until after the administrative proceedings on remand had concluded and claimant pursued a second appeal to the district court. This decision therefore could support Defendant's assertion that the issue in the present case is not yet ripe for review.

Arguably, however, the Court has jurisdiction under its contempt authority to enforce the

prior order. *C.f., Law v. National Collegiate Athletic Ass'n,* 134 F.3d 1438, 1442 (10th Cir. 1998) (court civil contempt power generally); *Hinton v. Sullivan,* 737 F.Supp. 232, 241 (S.D.N.Y. 1990) (entertaining contempt argument where on appeal after remand Plaintiff sought damages caused by violation of the court's remand order to award interim benefits). Even so, Plaintiff is not entitled to the relief she seeks.

First, I emphasize that there are two separate administrative decisions, even though the two are related insofar as they pertain to Plaintiff's status as disabled. The first decision denying benefits is the one that was appealed and remanded pursuant to stipulated order. I have no doubt that the ALJ will carry out the inquiry required by that order in reaching its administrative decision as to the September 26, 1996 to November 30, 1999 time period. The remand order mentions the second administrative decision granting benefits, but only insofar as to clarify the time frame on remand in light of events subsequent to the appeal. In other words, the remand order does not deal with the second decision in a substantive fashion, nor could it or should it, since that decision has never been presented to the district court for consideration.

Moreover, some regulations authorize the agency to revisit a decision granting benefits under certain circumstances. *See e.g.*, 20 C.F.R. §§ 404.987 (reopening and revising determinations and decisions), 404.988 (conditions for reopening); 404.989 (good cause for reopening). Defendant relies on Regulation 404.983 and its counterpart which allow the ALJ to consider any issue "relating to your claim" whether or not the issue was raised in the administrative proceedings leading to the final decision in your case." However, it is unclear to me whether these regulations would be applicable under the present circumstances.

Because the ALJ is going to carry out the mandated terms of the remand and because the

agency does have authority to reconsider the second decision granting benefits under certain circumstances, it would be premature to address the issue without development of the record. It is far from certain whether *in fact* the ALJ will go beyond the scope of the remand as agreed to by the parties and the court.

Hopefully the ALJ will ponder carefully the matter before proceeding with haste. In the long run, the proposed expansion of review may discourage litigants from negotiated remands which seek to clarify the contours of dispute and save overburdened judicial resources. I am also cognizant that coming on the heels of the remand, the decision to *sua sponte* reevaluate present disability could be perceived by a claimant as retaliatory in nature. Whether the ALJ is acting properly, however, must be decided later after administrative proceedings are exhausted.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion *(Doc. 11)* be denied.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE